IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT ANTHONY JOHNSON, # 256504, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:12cv1029-TMH |
| ) | (WO) |
| LEON FORNISS, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**O R D E R**

The respondents have filed an answer (Doc. No. 9) in which they argue that the *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama Inmate Robert Anthony Johnson ("Johnson") on November 26, 2012, is barred by the one-year limitation period applicable to § 2254 petitions.  *See* 28 U.S.C. § 2244(d)(1) (setting forth one-year limitation period).

Title 28 U.S.C. § 2244(d) provides:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Exhibits submitted by the respondents reflect that on November 26, 2007, a Bullock County jury found Johnson guilty of murder in violation of § 13A-6-2, Ala. Code 1975. Exh. A at 85.  On December 6, 2007, the trial court sentenced Johnson to life in prison.  *Id*. On March 20, 2009, on direct appeal, Johnson's conviction was affirmed by the Alabama Court of Criminal Appeals.  Exh. D.  Johnson's application for rehearing was overruled on April 10, 2009.  Exh. E.  He sought certiorari review in the Alabama Supreme Court, and his petition seeking such review was denied on January 15, 2010.  Exhs. F & G.  A certificate of judgment was issued on that same date.  Exh. H.

On January 14, 2011, Johnson filed a Rule 32 petition in the trial court challenging his murder conviction and sentence.  Exh. A at 64.  The trial court denied Johnson's Rule 32 petition on May 12, 2011.  Exh. A at 91.  Johnson appealed, and on Septermber 23, 2011, the Alabama Court of Crimnal Appeal's affirmed the trial court's denial of the Rule 32 petition.  Exh. K.  Johnson did not file for rehearing or seek certiorari review of that judgment.  A certificate of judgment was issued on October 12, 2011.  Exh. L.

Because the certificate of judgment as to Johnson's direct appeal was issued on January 15, 2010, for purposes of federal habeas review his conviction became final (and the one-year limitation period in § 2244(d)(1)(A) began to run) 90 days later, on April 15, 2010, when the time expired for him to seek review in the United States Supreme Court. *See Coates v. Byrd*, 211 F.3d 1225, 1225-27 (11th Cir. 2000). As noted, Johnson filed his state Rule 32 petition on January 14, 2011. That filing tolled the one-year limitation period for filing a § 2254 petition. *See* 28 U.S.C. § 2244(d)(2); *Tinker v. Moore*, 255 F.3d 1331, 1335. n.4 (11th Cir. 2001). When the Rule 32 petition was filed, the limitation period for filing a § 2254 petition had run for **274 days** (April 15, 2010, to January 14, 2011). The certificate of judgment as to the state proceedings on Johnson's Rule 32 petition was issued on October 12, 2011, at which time the limitation period for filed a § 2254 petition began to run again. At that time, Johnson had **91 (365 - 274) days** remaining within which to file a timely § 2254 petition. He thus had until January 11, 2012 to file a timely federal habeas petition. However, he did not file his petition until November 26, 2012 – i.e., 320 days after the federal limitation period had expired.

Because it therefore appears that the one-year limitation period contained in 28 U.S.C. § 2244(d)(1) expired before Johnson filed the instant petition, it is

**ORDERED that on or before January 31, 2013,** Johnson shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

Done this 10th day of January, 2013.

           /s/ Charles S. Coody
          CHARLES S. COODY
          UNITED STATES MAGISTRATE JUDGE