IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT ANTHONY JOHNSON, ) <br> AIS # 256404, ) <br>  ) <br> Petitioner, ) <br>  ) <br> v. ) <br>  ) <br> LEON FORNISS, *et al.*, ) <br>  ) <br> Respondents. ) | CIVIL ACTION NO. 2:12cv1029-TMH <br> (WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is now before the court on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Robert Anthony Johnson ("Johnson"), a state inmate, on November 19, 2012.[1] In this petition, Johnson challenges a 2007 murder conviction imposed on him by the Circuit Court of Bullock County, Alabama. After being convicted by a jury on November 27, 2007, the trial court sentenced Johnson to life imprisonment on December 6, 2007. The Alabama Court of Criminal Appeals affirmed his conviction on March 20, 2009. The Alabama Supreme Court denied Johnson's petition for writ of certiorari and issued the certificate of judgment on January 15, 2010.

Pursuant to the order of this court, the respondents filed an answer (doc. # 9) in which they argue that Johnson's petition is barred by the one-year limitation period applicable to

---

[1] The law is well settled that, under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). In his petition, Johnson verifies that he submitted the petition to prison officials for mailing on November 19, 2012. (Doc. # 1 at 16). Consequently, the court deems November 19, 2012, as the date of filing.

28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[2] As discussed below, Johnson's conviction became final in 2010; therefore, Johnson was required to file his § 2254 petition within one year of his conviction becoming final, exclusive of the time that any properly filed state post-conviction petition related to the conviction remained pending in state court. The respondents acknowledge that Johnson filed a state post-conviction petition challenging his conviction on January 14, 2011, which tolled the limitation period until the appellate court's judgment on October 12, 2011. The respondents maintain, however, that even with tolling the federal limitation period during the pendency of Johnson's Rule 32 petition proceedings, the federal limitation period expired prior to Johnson filing the present federal habeas petition. (Doc. # 9 at 6-8). *See also Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations."); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").

Johnson concedes that his 2254 petition was filed beyond the one-year limitation period. *See* Doc. # 13 at 1. However, Johnson asserts that he is entitled to equitable tolling of the federal limitation period because he "has clearly shown and/or will show that the failure to timely file his § 2254, was not within his control, and that he was not at fault in not timely filing the § 2254; and further that he was never notified of pertinent rulings in order

---

[2] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). This Act became effective on April 24, 1996.

to properly calculate the time limit for filing the § 2254 in this case." (*Id*. at 2). Finally, Johnson asserts an actual innocence claim. (*Id.* at 5).

Upon review of the pleadings and evidentiary material filed in this case and the law of this Circuit, the court concludes that no evidentiary hearing is required and that Johnson's federal habeas petition is due to be denied because it was filed outside the one-year period of limitation mandated by applicable federal law.

## DISCUSSION

Johnson's federal habeas petition was filed in this court on November 19, 2012, and is precluded from review by this court because Johnson filed this petition outside § 2244(d)(1)'s requisite one-year period of limitation. 28 U.S.C. § 2244(d)(1) directs that the limitation period for filing a § 2254 petition begins to run on the date when the time for seeking direct review of a challenged judgment expires.

Johnson was convicted of murder in the Circuit Court of Bullock County, Alabama, on November 27, 2007 and was sentenced to life imprisonment on December 6, 2007. Johnson filed a direct appeal with the Alabama Court of Criminal Appeals which affirmed his conviction on March 20, 2009. *Johnson v. State*, 43 So. 3d 7 (Ala. Crim. App. 2009). The appellate court denied Johnson's application for rehearing on April 10, 2009. The Alabama Supreme Court denied Johnson's petition for writ of certiorari and issued the certificate of judgment on January 15, 2010. Johnson did not further appeal his murder conviction.

By operation of law, Johnson's conviction became final on April 15, 2010 – ninety

days after the issuance of the certificate of judgment – as this is the date on which the time expired for Johnson to file a petition for writ of certiorari with the United States Supreme Court. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000). ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."). *See also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court.)

On January 14, 2011, Johnson filed a Rule 32 petition in the Circuit Court of Bullock County. At this time, 273 days of the one-year limitation period had elapsed between the date his conviction became final and the filing of his Rule 32 petition. Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." The court finds that the filing of the Rule 32 petition tolled the limitation period while the petition remained pending in the state courts. The trial court denied the petition on May 12, 2011, and Johnson appealed this ruling. The Alabama Court of Criminal Appeals affirmed the trial court on September 23, 2011, and issued the certificate of judgment on October 12, 2011.[3]

---

[3] When further action is not undertaken upon initial action by the appellate court, the certificate of judgment issues eighteen (18) days after issuance of the appellate court's opinion. ALA. R. APP. P. 41(a).

Because section § 2244 (d)(1) contains a stop-start provision which requires the court to consider any time during which no state action is pending, the court concludes that Johnson had 92 days remaining in the limitation period within which to file his federal habeas petition.[4] Absent statutory or equitable tolling, the federal limitation period expired on January 13, 2012, well before the date Johnson filed his § 2254 petition.

Johnson argues that he is entitled to equitable tolling because "[c]ontinuing, from on or about April 15, 2010, Petitioner was dependant upon the assistance of a "Jailhouse" lawyer" to file his federal habeas petition. (Doc. # 13 at 4). The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). *See also, Rich v. Dep't of Corr. State of Fla.*, 317 Fed. Appx. 881, 882 (11th Cir. 2008); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). Equitable tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286. *See also San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011); *Rich*, 317 Fed. Appx. at 882; *Helton v. Sec'y for the Dept. of Corr.*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001). The United States Supreme Court recently confirmed the

---

[4] The court finds that between April 15, 2010 and January 14, 2011, 273 days of the limitation period expired.

AEDPA's one-year limitation period "is subject to equitable tolling," but only when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, ___, 130 S.Ct. 2549, 2563 (2010). *See also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

There is nothing before the court which demonstrates the presence of "extraordinary circumstances" or "due diligence" to warrant an equitable tolling of the limitation period. Specifically, the petitioner's mere conclusory, formalistic allegations that he was not "notified of pertinent rulings" and "dependant on a jailhouse lawyer" are simply insufficient to establish that he diligently pursued his rights or that an extraordinary circumstance prevented him from timely filing his habeas petition. *See* Doc. # 13 at 2.  Moreover, the record before the court demonstrates that Johnson prepared and filed a lengthy, detailed *pro se* Rule 32 petition.  He prosecuted the Rule 32 petition in the state courts.  Johnson also prepared and filed the instant petition for habeas relief.  Furthermore, Johnson knew that the certificate of judgment was issued by the state appellate court and he had a limited number of days to file his federal petition.[5]  *Id.* at 4.  Thus, it is clear that reliance on a "jailhouse

---

[5] In his argument for equitable tolling, Johnson admits that he knew the certificate of judgment was issued.

> The certificate of judgment as to the state proceeding on Petitioner's Rule # 32, was issued on October 12, 2011, supra, whereas, the limitation period for Petitioner filing his §§ 2254, began to run.  At that time Petitioner had 91 days within which to file his §§ 2254 petition.

(Doc. # 13 at 4).

lawyer" did not prevent Johnson from timely filing a federal habeas petition during the one year limitation period.

Johnson further contends that equitable tolling is warranted because of his lack of legal knowledge as a pro se litigant. The law is well settled that an inmate's lack of legal knowledge, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period. *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (*pro se* status and ignorance of the law do not justify equitable tolling); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000) (lack of legal knowledge or legal resources, even in a case involving a *pro se* inmate, does not warrant equitable tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (petitioner's *pro se* status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (ignorance of the law and *pro se* status do not constitute "rare and exceptional" circumstances justifying equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir. 2000) (petitioner's *pro se* status throughout majority of limitation period does not merit equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (unfamiliarity with the legal process during the applicable filing period did not merit equitable tolling). *See also Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling.").

In addition, Johnson has failed to demonstrate that he diligently pursued his rights but

7

was prevented from filing timing his federal habeas petition. "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. Johnson does not assert that he diligently pursued his rights, and his lack of diligence precludes equitable tolling in this case. *See Pace*, 544 U.S. at 419.

The court concludes that Johnson has failed to demonstrate the existence of extraordinary circumstances beyond his control that prevented him from filing a timely petition, and he has not met the heavy burden of showing that he exercised reasonable diligence in prosecuting his claim and in bringing forth his habeas petition. Johnson presents nothing which demonstrates that he acted diligently in pursuing his federal claims. Thus, this court "cannot say that [Johnson] has acted with the conscience, good faith, and reasonable diligence necessary to call into action the powers of the court. This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5 (internal quotations omitted). Consequently, the court concludes that Johnson is not entitled to equitable tolling of the limitation period as he has shown neither extraordinary circumstances nor the diligence necessary to toll the statute. *See Sandvik*, 177 F.3d at 1271.

On January 13, 2013, the court ordered Johnson to show cause why his petition should not be dismissed pursuant to 28 U.S.C. § 2244(d) for his failure to file within the applicable one-year limitation period. In response to the court's order, Johnson argues that because he raises "an actual legal innocence claim," he is entitled to equitable tolling. (Doc. # 13 at 5).

His argument is unavailing because to succeed, Johnson "must first make a sufficient showing of actual innocence." *Scott v. Duffy*, 372 Fed. Appx. 61, 64 (11th Cir. 2010).

> To successfully plead actual innocence, a petitioner must show that his conviction resulted from "a constitutional violation." *Schlup v. Delo,* 513 U.S. 298, 327, 115 S.Ct. 851, 867, 130 L.Ed.2d 808 (1995). To do so, he must demonstrate "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327, 115 S.Ct. at 867; *Arthur* [*v. Allen*], 452 F.3d [1234], []1245 [(11th Cir. 2006)]. The petitioner must raise "sufficient doubt about [his] guilt to undermine confidence in the result of the trial." *Arthur*, 452 F.3d at 1245 (quotations and citation omitted). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 282 (1998).

*Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1334 (11th Cir. 2008).

Johnson has failed to make the requisite showing. He has not submitted any 'new' evidence to support of his claim of innocence. Johnson does not specify the basis for his actual innocence claim. Based on his petition wherein he asserts that because "the state failed to prove each and every element of the charged offense," he is entitled to a new trial or to have his conviction "reduced to Homicide-Manslaughter," and a review of his Rule 32 petition, the court discerns Johnson's claim to be that he lacked the requisite intent to be convicted of murder. *See* Doc. # 1 at 14 and Doc. # 9, Exs. A-D. It is clear that Johnson's assertion of innocence relates to "mere legal insufficiency" which does not establish actual, factual innocence under the *Schlup* standard. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley v. United States,* 523 U.S. 614, 623-624 (1998). *See also Doe v. Menefee*, 391 F.3d 147, 162

9

(2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). Johnson's conclusory allegations are simply insufficient to satisfy the stringent standard set forth in *Schlup*. Consequently, the court concludes that Johnson's 'actual innocence' claim fails.

Thus, the court finds that the one-year limitation period of 28 U.S.C. § 2244(d)(1) expired well before Johnson filed his federal habeas petition, his petition is time-barred and this court may not address his claims on the merits. The court further concludes that the petitioner has failed to show sufficient cause to excuse his failure to file within the statutory period.

## CONCLUSION

Accordingly, for the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that this case be dismissed pursuant to 28 U.S.C. § 2244(d). It is further the RECOMMENDATION of the Magistrate Judge that the costs of this proceeding be taxed against the petitioner. Finally, it is

ORDERED that the parties shall file any objections to the said Recommendation on or before **January 3, 2014.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982)*. See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 20th day of December, 2013.

                                                 /s/Charles S. Coody
                                        CHARLES S. COODY
                                        UNITED STATES MAGISTRATE JUDGE